BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re<br>**CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION** | MDL-_____ |

**PLAINTIFFS' MOTION TO TRANSFER AND CENTRALIZE
THE RELATED ACTIONS TO THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA FOR CONSOLIDATED OR
COORDINATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs Tyler Baker and Lauren Wolf (collectively the "Class Action Plaintiffs") in *Baker v. Angeion Group LLC et al*, 2:25-cv-02079-KBH (E.D. Pa.) (the "Class Action") respectfully move this Panel, pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation, to transfer all pending and yet-to-be filed federal cases involving Defendants Angeion Group LLC, Blackhawk Network Holdings, Inc., Digital Settlement Technologies LLC, Epiq Systems, Inc., JND Legal Administration, Kroll Settlement Administration LLC, Huntington National Bank, Tremendous LLC and Western Alliance Bank arising from the same set of facts and stating the same or similar claims as those set forth in their Class Action complaint, to the United States District Court for the Eastern District of Pennsylvania (the "District of Pennsylvania") before the Honorable Kelley Brisbon Hodge or, alternatively, to the United States District Court for the Southern District of New York for consolidated or coordinated pretrial proceedings.

In support of their Motion, the Class Action Plaintiffs submit the accompanying Brief and state as follows:

1. To date, five class action complaints have been filed against the above-referenced Defendants for engaging in a manipulative and deceptive scheme to obtain millions of dollars in undisclosed compensation for serving as the court-approved settlement administrators in hundreds,

1

if not thousands, of mass tort and class action lawsuits across the United States.

2. Each of the filed complaints alleges the same or very similar facts giving rise to Plaintiffs' causes of action and allege the same or similar claims including violation of the Sherman Act, Section 1, violation of the Racketeer Influenced and Corrupt Organizations Act, Sections 1962(C) 1962(D) and 1964(C), common law fraud, breach of implied contract, breach of fiduciary duties, negligence, negligent misrepresentation, conspiracy, aiding and abetting, and unjust enrichment.

3. As set forth in the accompanying Schedule of Related Actions, in addition to Movant's pending action in the Eastern District of Pennsylvania, two actions are pending in the Northern District of California, one action is pending in the Southern District of Florida and one is pending in the Southern District of New York (collectively, all cases pending in the jurisdictions other than the Eastern District of Pennsylvania are referred to herein as the "Related Actions").

4. The pending actions listed in the accompanying Schedule of Related Actions, attached hereto as Exhibit A, represent a complete list of all the pending federal cases of which the Movants have knowledge at this time.

5. A true and correct copy of the Class Action Complaints is attached hereto as Exhibit B.

6. Each action asserts common questions of fact and law, and consolidation or coordination of the related cases will promote efficiency and convenience for the parties, the witnesses, and the courts. The requirements for transfer and consolidation are thereby satisfied.

7. The Related Actions are in a similar procedural posture to the Movant's Action; all are still in their early stages, and Movant is unaware of discovery yet to be conducted in any of the Related Actions. Accordingly, centralization will allow a single judge to efficiently resolve

common legal and factual issues and streamline discovery.

8. Transfer and centralization of the Movant's Action and the Related Actions will further the goals of 28 U.S.C. §1407 by conserving judicial and party resources, reducing costs, and preventing inconsistent pretrial rulings.

9. The Eastern District of Pennsylvania offers a convenient location for the parties and witnesses. The Philadelphia area offers convenient travel for parties and witnesses located across the United States. Six Defendants are either incorporated or maintain headquarters in Delaware of Pennsylvania, more than in any other region where a Related Action is pending, and one is located within this District.

    a. Defendant Angeion Group is a Pennsylvania LLC that maintains its headquarters at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

    b. Defendant Blackhawk Network Holdings, Inc. is a Delaware corporation and maintains its headquarters at 6220 Stoneridge Mall Road, Pleasanton, California. Additionally Blackhawk has an office in Pittsburgh, Pennsylvania.

    c. Defendant Digital Settlement Technologies LLC is a Delaware company that maintains its headquarters at 520 Broadway, Suite 200, Santa Monica, California 90401.

    d. Defendant JND Holdings LLC (dba JND Legal Administration), a Delaware Limited Liability Company and maintains its headquarters at 1201 2nd Ave Suite 3400, Seattle, WA 98101.

    e. Defendant Western Alliance Bancorporation, is a Delaware corporation and maintains its headquarters at 3075 W Ray Road, Suite 4, Chandler, Arizona

    85226. Additionally, Western Alliance maintains a branch office in New York City.

  f. Defendant Epiq Systems, Inc. is a corporation formed under the laws of Missouri that maintains its principal executive offices at 501 Kansas Avenue, Kansas City, Kansas 66105. Epiq Systems also maintains an office in Philadelphia, Pennsylvania.

  g. Defendant Huntington National Bank is Maryland corporation and maintains its headquarters at 41 S. High Street, Columbus, Ohio 43215.

  h. Defendant Tremendous LLP, is a Wisconsin LLC that maintains its headquarters at 228 Park Ave S, Suite 62949, New York, New York 10003-1502.

10. In addition, docket conditions in the Eastern District of Pennsylvania are more favorable than those within jurisdictions in which the Related Actions are pending. The Eastern District of Pennsylvania has fewer pending cases, and, of those, the civil cases reach a disposition more quickly than the jurisdictions where the Related Actions have been filed.

11. This Motion is based on the accompanying Memorandum of Law and Schedule of Related Actions that have been filed concurrently with this motion.

  WHEREFORE, Movant respectfully requests that the Panel order that the Movant's Action and the Related Actions, as well as any case that may be subsequently filed asserting related or similar claims, be transferred to and centralized before the Honorable Marilyn J. Horan of the Eastern District of Pennsylvania for consolidated or coordinated pretrial proceedings.

Date: August 13, 2025                              Respectfully Submitted,

*/s / Liberato P. Verderame*
Liberato P. Verderame PA ID # 80279)
Eric Lechtzin (PA ID # 62096)
Marc H. Edelson (PA ID # 51834)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Email: lverderame@edelson-law.com
Email: elechtzin@edelson-law.com
Email: medelson@edelson-law.com

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, Suite 600
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 639-9393
Email: cseeger@seegerweiss.com

Shauna Itri (PA ID # 201611)
SEEGER WEISS LLP
325 Chestnut St., Suite 917
Philadelphia, PA 19106
Telephone: (215) 564-2300
Facsimile: (215) 851-8029
Email: sitri@seegerweiss.com

*Attorneys for Plaintiffs Tyler Baker and Lauren Wolf and the Proposed Class*