**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| In re | MDL-_____ |
|---|---|
| **CLASS ACTION SETTLEMENT** | |
| **ADMINISTRATION LITIGATION** | |

**PLAINTIFFS' BRIEF IN SUPPORT OF**
**MOTION TO TRANSFER AND CENTRALIZE THE RELATED ACTIONS TO THE**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA FOR CONSOLIDATED OR COORDINATED PRETRIAL**
**PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 [o]f the Rules of Procedure of the Judicial Panel

on Multi-District Litigation, Plaintiffs in *Baker v. Angeion Group LLC, et al.*, 2:25-cv-02079-KBH

(E.D. Pa., first filed on April 24, 2025) on behalf of themselves and all others similarly situated In

addition to Movant's Action filed in the Eastern District of Pennsylvania, there are four related

actions:

- *Whalen, et al., v. Epiq Systems, Inc., et al.*, No. 3:25-cv-4522 (N.D. Cal., filed May 28, 2025);

- *Whalen v. Epiq Systems Inc., et al.*, No. 25-cv-4499 (S.D.N.Y., filed May 29, 2025);[1]

- *Tejon v. Epiq Systems, Inc., et al.*, No. 25-cv-22453 (S.D. Fla., filed May 29, 2025); and

- *Rieger v. Epiq Systems, Inc., et al.*, No. 3:25-cv-4793 (N.D. Cal., filed June 5, 2025).

As set forth in the accompanying Schedule of Related Actions, in addition to Movant's

pending action in the Eastern District of Pennsylvania, two actions are pending in the Northern

---

[1] Mary Jane Whalen is a Plaintiff in both the Northern District of California and Southern District of New York actions.

District of California, one action is pending in the Southern District of Florida and one is pending in the Southern District of New York (collectively, all cases pending in the jurisdictions other than the Eastern District of Pennsylvania are referred to herein as the "Related Actions").

Movant's Action and the Related Actions all allege that the Defendants participated in a manipulative and deceptive scheme to obtain millions of dollars in undisclosed compensation for serving as the court-approved settlement administrators in hundreds, if not thousands, of mass tort and class action lawsuits across the United States. Each of the above-listed actions allege the same or similar claims, including violation of the Sherman Act, § 1, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), §§ 1962(C) 1962(D) and 1964(C), common law fraud, breach of implied contract, breach of fiduciary duties, negligence, negligent misrepresentation, conspiracy, aiding and abetting, and unjust enrichment.

Given the common factual conditions in the Movant's Action and the Related Actions and the accessibility and convenience of the Eastern District of Pennsylvania, as well as the favorable docket conditions in the district, transfer to and centralization of the Movant's Action and the Related Actions in the Eastern District of Pennsylvania will advance the efficient resolution of this litigation and serve the convenience of the parties and witnesses.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

As of August 6, 2025, five class action complaints have been filed in four different district courts regarding the alleged conspiracy described above. In large measure, the Related Actions (*see* Schedule of Related Actions submitted herewith) involve the same Defendants as Movant's Action. The Movant's Action and each of the Related Actions allege that Defendants engaged in a manipulative and deceptive scheme to obtain millions of dollars in undisclosed compensation for serving as the court-approved settlement administrators in hundreds, if not thousands, of mass

tort and class action lawsuits. This scheme resulted in money stolen from unsuspecting plaintiffs and class members who were already victims in other class action lawsuits, who, hoping to receive some compensation for losses previously sustained, find themselves once again victimized by the Defendants upon whom they were depending on for settlement funds. Each action alleges a nationwide class and common questions of facts and law.

## III.    ARGUMENT

### A.    Centralization of the Movant's Action and the Related Actions is Warranted Under 28 U.S.C. § 1407

28 U.S.C. § 1407 is intended to ensure centralized management under a single court's supervision of pretrial proceedings in litigation arising in various districts to ensure the just, efficient and consistent conduct and adjudication of such actions. "When civil actions involving one or more common questions of fact are pending in different districts," the Panel may transfer such actions "to any district for coordinated or consolidated pretrial proceedings," if transfer would serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Because these requirements are met here, the Panel should centralize the Movant's Action and the Related Actions in a single district court, the Eastern District of Pennsylvania, or, alternatively, the Southern District of New York, for the reasons set forth below, for coordinated or consolidated pretrial proceedings.

#### 1.    The Movant's Action and the Related Actions Involve Common Questions of Fact

For purposes of § 1407, common questions of fact exist where multiple actions involve common factual questions and can be expected to focus on a significant number of common events, defendants, and/or witnesses. *See In re GoodRx & Pharmacy Benefit Manager Antitrust Litig. (No. II)*, 776 F. Supp. 3d 1346, 1348 (U.S. Jud. Pan. Mult. Lit. 2025) (centralizing related actions where "The actions share overlapping complex issues of fact relating to how the integrated savings

program operates, the agreements among GoodRx and the four PBM defendants, the program's impact on independent pharmacies, and the alleged damages."); *In re Shale Oil Antitrust Litig.*, 743 F. Supp. 3d 1371, 1372 (U.S. Jud. Pan. Mult. Lit. 2024) (centralizing where actions shared defendants and "factual questions arising from an alleged price-fixing conspiracy").

Here, the Movant's Action and each Related Action have been brought on behalf of a nationwide class of individuals who participated in settlements for which Defendants provided settlement administration services. The Movant's Action and the Related Actions involve virtually the same Defendants, and the Movant's Action and the Related Actions assert claims under federal antitrust laws and pursuant to common law. Taken together, this is sufficient to show that both the Movant's Action and every Related Action involve common questions of fact and law. *See In re Apple Inc. Smartphone Antitrust Litig.*, 737 F. Supp. 3d 1361, 1362–63 (U.S. Jud. Pan. Mult. Lit. 2024) ("The actions share common questions of fact arising from allegations that [defendant] has monopolized or attempted to monopolize the smartphone market by controlling the creation and distribution of apps … Plaintiffs variously assert virtually identical claims under the Sherman Act, state antitrust and consumer protection laws."); *In re Granulated Sugar Antitrust Litig.*, 737 F. Supp. 3d 1370, 1371 (U.S. Jud. Pan. Mult. Lit. 2024) ("the actions are brought on behalf of overlapping putative nationwide and multistate classes of direct and indirect purchasers of granulated sugar."); *In re Domestic Airline Travel Antitrust Litig.*, 140 F. Supp. 3d 1344, 1345 (U.S. Jud. Pan. Mult. Lit. 2015) ("All of the actions assert overlapping putative nationwide classes of direct purchasers of domestic airfare, and all the actions assert antitrust violations of § 1 of the Sherman Act.").

Centralization is unquestionably appropriate for the above-referenced cases. *See In re Direct Purchaser Plaintiff Beef Antitrust Litig.*, 609 F. Supp. 3d 1412, 1413 (U.S. Jud. Pan. Mult.

Lit. 2022) (centralizing where all actions asserted that defendants conspired "to limit the supply, and fix the prices, of beef sold in the U.S. wholesale market."); *In re Diisocyanates Antitrust Litig.*, 341 F. Supp. 3d 1376, 1377 (U.S. Jud. Pan. Mult. Lit. 2018) ("All actions share complex factual questions arising from allegations that defendants engaged in a conspiracy to fix, raise, maintain, or stabilize the price of methylene diphenyl diisocyanate (MDI) and toluene diisocyanate (TDI) sold in the United States …").

> **2.    Centralization Would Serve the Convenience of Parties and Witnesses and Promote the Just and Efficient Conduct of the Movant's Action and the Related Actions**

Because there are common factual allegations and legal claims among the Movant's Action and the Related Actions, centralization would serve "the convenience of parties and witnesses and will promote the just and efficient conduct" of the Movant's Action and the Related Actions. 28 U.S.C. § 1407(a); *see also In re Shale Oil Antitrust Litigation*, 743 F. Supp. 3d at 1371–72.

Moreover, given the likelihood that additional cases will be filed, centralization under § 1407 now would be the most efficient means of proceeding. *See*, *e.g.*, *In re: AndroGel Prods. Liab. Litig.*, 24 F. Supp. 3d 1378, 1379 (U.S. Jud. Pan. Mult. Lit. 2014) (rejecting alternatives to centralization because they "would delay the resolution of the common core issues in this litigation").

Centralization is also appropriate because the plaintiffs in the Related Actions with multiple groups of counsel will all undoubtedly pursue substantially similar testimony, documents, and other evidence from largely the same set of Defendants as Movant. Centralizing the Movant's Action and the Related Actions will place all actions before a single judge who can efficiently formulate a pretrial program that ensures that discovery and all pretrial proceedings will be conducted in a manner that leads to the efficient and expeditious resolution of all the actions to the benefit of both the parties and the judicial system. *See In re Direct Purchaser Plaintiff Beef*

*Antitrust Litigation*, 609 F. Supp. 3d at 1414 (granting centralization over four coordinated categories of litigation because "[i]f allowed to proceed separately, as requested by movants, the individual direct purchaser actions likely would involve duplicative discovery and potentially inconsistent pretrial rulings."); *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (U.S. Jud. Pan. Mult. Lit. 2014) ("Transfer under § 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands.").

In addition, because the Movant's Action and each Related Action is a class action, centralization will eliminate the possibility of inconsistent rulings on class certification from courts in multiple districts. *See In re Granulated Sugar Antitrust Litigation*, 737 F. Supp. 3d at 1371 ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification and conserve the resources of the parties, their counsel, and the judiciary.").

For these reasons, the Panel should centralize the Movant's Action and the Related Actions in the interests of justice and efficiency.

**B.    The Panel Should Centralize the Movant's Action and The Related Actions in The Eastern District of Pennsylvania**

In determining the appropriate transferee district, the Panel considers a variety of factors, including: (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of "relevant witnesses and evidence"; (3) the support of parties for centralization in the district; and (4) the experience of the transferee judge and district in navigating "the nuances of complex and multidistrict litigation." *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (U.S. Jud. Pan. Mult. Lit. 2014). Based on a consideration of

these factors, Movant respectfully submits that the Eastern District of Pennsylvania is the most appropriate district in which to centralize these cases.

### 1.    The Eastern District of Pennsylvania is Convenient for the Parties and Witnesses

To honor the policies underlying 28 U.S.C. § 1407, the district chosen to serve as the transferee court should "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, 999 F. Supp. 2d 1383, 1384 (U.S. Jud. Pan. Mult. Lit. 2014). The Eastern District of Pennsylvania is just such a court. The Eastern District of Pennsylvania courthouse in Philadelphia is located less than 11 miles from Philadelphia International Airport ("PHL"). PHL serves all major domestic carriers and offers nearly 440 daily departures to more than 130 destinations worldwide.[2] Thus, PHL is easily accessible from all major cities across the United States. Additionally, the Eastern District of Pennsylvania courthouse is walking distance from Philadelphia's Jefferson Station, with connector service from the Amtrak station at 30th and Market Streets. Philadelphia offers an abundance of hotels, restaurants, taxis, and car rental agencies. These options make the Eastern District of Pennsylvania accessible and convenient for all parties in the Movant's Action and the Related Actions, as well as their counsel and witnesses. *See In re Glucagon-Like Peptide-1 Receptor Agonists Prods. Liab. Litig.*, 717 F. Supp. 3d 1370, 1374 (U.S. Jud. Pan. Mult. Lit. 2024) ("[t]he Eastern District of Pennsylvania also provides a convenient and accessible location for this nationwide litigation.").

### 2.    Relevant Witnesses and Evidence Are Located in Pennsylvania

In addition, relevant witnesses and evidence are located in close proximity to the Eastern District of Pennsylvania. Defendant Angeion Group is a Pennsylvania LLC that maintains its

---

[2] https://www.phl.org/about/about-us (last visited August 5, 2025).

headquarters at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Philadelphia's central location on the East Coast provides close proximity to other parties. For instance, Defendant Blackhawk Network Holdings, Inc. is a Delaware corporation and maintains an office in Pittsburgh, Pennsylvania. Defendants Digital Settlement Technologies LLC and JND Holdings LLC (dba JND Legal Administration) are both Delaware entities. Defendant Western Alliance Bancorporation is a Delaware corporation and maintains offices in New York City. Defendant Epiq Systems, Inc. also maintains an office in Philadelphia. Defendant Huntington National Bank is Maryland corporation and maintains its headquarters in Columbus, Ohio. Defendant Tremendous LLP, is a Wisconsin LLC that maintains its headquarters at 228 Park Ave S, Suite 62949, New York, New York 10003-1502. Thus, consolidation in the Eastern District of Pennsylvania would serve the convenience of the parties. *See In re Concrete & Cement Additives Antitrust Litig.*, 730 F. Supp. 3d 1381, 1382 (U.S. Jud. Pan. Mult. Lit. 2024) (centralizing in the Southern District of New York where it was "geographically central to the involved domestic and international parties" and where "[r]elevant documents and witnesses may be found in or near the Southern District of New York."); *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 326 F. Supp. 3d 1381, 1382 (U.S. Jud. Pan. Mult. Lit. 2018) (centralizing in the Western District of Pennsylvania when "defendants or their subsidiaries are located in or near this district.").

Accordingly, the Eastern District of Pennsylvania is an appropriate transferee district because evidence involving a particularly large subset of the proposed nationwide class is likely to be present.

3.     **Judge Kelley Brisbon Hodge is an Experienced Jurist Who Can Efficiently Manage this Litigation, and the Eastern District of**

### Pennsylvania is a Favorable Jurisdiction Based on its Docket Conditions

Judge Kelley Brisbon Hodge[3] is currently presiding over Movant's action. She has been a Federal District Court Judge for more than three years. Before ascending to the federal bench, she served as Philadelphia's 25th District Attorney and was in private practice. She currently has a case load of approximately 208 cases. In addition, Judge Hodge does not have a currently assigned MDL proceeding. Docket conditions in the Eastern District of Pennsylvania are favorable when compared to other districts within the Third District.[4] Thus, centralizing the Movant's Action and the Related Actions in the Eastern District of Pennsylvania will provide Judge Hodge with the opportunity to preside over a complex antitrust matter, which will benefit from the significant experience she brings to bear.

These factors favor centralizing the Movant's Action and the Related Actions before her. *See In re Suboxone (Buprenorphine/Naloxone) Film Mktg., Sales Pracs., & Prods. Liab. Litig.*, 717 F. Supp. 3d 1376, 1377 (U.S. Jud. Pan. Mult. Lit. 2024) (assigning to judge "who has not yet had the opportunity to preside over an MDL."); *In re Crop Inputs Antitrust Litig.*, 543 F. Supp. 3d 1381, 1382 (U.S. Jud. Pan. Mult. Lit. 2021) ("centralization in this district allows us to assign these cases to a jurist … who has not yet had the opportunity to preside over multidistrict litigation.").

Accordingly, the Class Action Plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation grant their request to transfer the Related Actions to Judge Hodge in the Eastern District of Pennsylvania for consolidated or coordinated pretrial proceedings.

---

[3] https://www.paed.uscourts.gov/judges-info/district-court-judges/kelley-brisbon-hodge; https://www.fjc.gov/history/judges/hodge-kelley-brisbon

[4] *See* Comparison of Districts Within the Third Circuit — 12-Month Period Ending March 31, 2025, available at https://www.uscourts.gov/data-news/reports/statistical-reports/federal-court-management-statistics/federal-court-management-statistics-march-2025

## IV.    CONCLUSION

For the foregoing reasons, the Class Action Plaintiffs respectfully request that the Panel grant this Motion and transfer the Related Actions to Judge Hodge in the Eastern District of Pennsylvania for consolidated or coordinated pretrial proceedings.

Date: August 13, 2025                                        Respectfully Submitted,

/s / Liberato P. Verderame
Liberato P. Verderame (PA ID # 802789)
Eric Lechtzin (PA ID # 62096)
Marc H. Edelson (PA ID # 51834)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Email: lverderame@edelson-law.com
Email: elechtzin@edelson-law.com
Email: medelson@edelson-law.com

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Road, Suite 600
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 639-9393
Email: cseeger@seegerweiss.com

Shauna Itri (PA ID # 201611)
SEEGER WEISS LLP
325 Chestnut St., Suite 917
Philadelphia, PA 19106
Telephone: (215) 564-2300
Facsimile: (215) 851-8029
Email: sitri@seegerweiss.com

*Attorneys for Plaintiffs Tyler Baker, Lauren Wolf and the Proposed Class*