# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION | MDL No.: 3162 |

### PLAINTIFF NICOLE RIEGER'S RESPONSE TO MOVANT'S MOTION FOR TRANSFER

Plaintiff Nicole Rieger ("Rieger") respectfully submits this Response to Plaintiffs' Tyler Baker and Lauren Wolf's Motion to Transfer and Centralize the Related Actions to the United States District Court for the Eastern District of Pennsylvania, or alternatively to the Southern District of New York, for Consolidated or Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407.

Rieger joins the Whalen and Tejon Plaintiffs in urging centralization of the overlapping antitrust and RICO claims common to all cases, and she writes separately to highlight additional facts supporting the Northern District of California as the appropriate transferee forum.

## I.   Joinder in Whalen and Tejon Plaintiffs' Position on Centralization

Rieger concurs with the qualified support expressed by the Whalen and Tejon Plaintiffs for the Baker Plaintiffs' motion to centralize. Like Whalen and Tejon, Rieger agrees that consolidation is warranted *only* for the claims shared in common across the cases – namely, the antitrust and Racketeer Influenced and Corrupt Organizations Act (RICO) claims arising from Defendants' alleged kickback scheme – and not for the distinct "breakage" payment allegations originally unique to Baker's complaint. The Whalen and Tejon Plaintiffs were the first to file these antitrust and RICO claims (on May 28–29, 2025), and the Baker Plaintiffs later amended their complaint

1

on June 13, 2025 to add those same claims and defendants. All plaintiffs thus now pursue a common core of factual and legal issues: that Defendants conspired with certain banks to skim undisclosed compensation from class settlement funds, in violation of the Sherman Act § 1, RICO, and related common-law duties. Centralizing these overlapping claims will promote efficiency and consistency, while avoiding any unnecessary inclusion of Baker's unrelated breakage-payment theory.

Rieger also joins in the Whalen and Tejon Plaintiffs' recommendation that the Panel transfer this litigation to the Northern District of California ("N.D. Cal.") for coordinated pretrial proceedings. As those plaintiffs have noted, the N.D. Cal. is the logical center of gravity for these cases. It is where the first-filed Whalen action was brought, and where more of the implicated class action settlements were approved than in any other district. Indeed, even the Baker Plaintiffs' own amended complaint identifies underlying class settlements overseen by judges in N.D. Cal., reflecting that court's significant connection to the facts at issue. In short, Rieger fully supports the Whalen and Tejon Plaintiffs' position: centralization of the common antitrust/RICO claims is appropriate and N.D. Cal. is the most suitable transferee forum.

**II.     Rieger's Additional Supporting Arguments for an N.D. Cal. MDL**

In addition to the points raised by Whalen and Tejon, Rieger's circumstances provide further reasons to centralize this litigation in N.D. Cal. First, Rieger's action – *Rieger v. Epiq Systems, Inc., et al.*, No. 3:25-cv-04793 – is already pending in N.D. Cal. before Judge Jacqueline Scott Corley, in the San Francisco division. Judge Corley has deemed Rieger related to the Whalen N.D. Cal. case – *Whalen v. Epiq Systems*, No. 3:25-cv-04522 – and is presiding over both actions. Consolidating the MDL in N.D. Cal. would thus build on an existing coordination and promote judicial continuity. Moreover, Rieger herself is a California-based plaintiff, which makes N.D. Cal. a convenient and appropriate venue for her and many class members. By contrast, transferring

the cases across the country would impose needless burden on Rieger's choice of forum when a capable court in her home state is already handling related litigation.

Second, one key defendant – Kroll Settlement Administration LLC ("Kroll") – is named only in Rieger's complaint (among the five related cases). Rieger has already brought Kroll into the N.D. Cal. court's jurisdiction. Kroll filed its response and urged the Panel to select the Southern District of New York as the transferee venue. Kroll's brief, however, offers little specific justification for favoring New York beyond the location of its corporate headquarters. In reality, Kroll maintains substantial West Coast operations, including offices in Los Angeles and San Francisco, as well as a Silicon Valley office where Settlement Administration and other professionals are based; accordingly, litigating in N.D. Cal. would not be inconvenient for Kroll. Given these ties, Kroll cannot plausibly claim that litigating in California would be inconvenient. By centralizing the MDL in N.D. Cal., the Panel will ensure that all major settlement-administrator defendants (including Kroll) are before a single court that is well-positioned to manage this case. Every defendant is either already litigating in N.D. Cal. or has significant contacts there, and importantly, two of the related actions Whalen and Rieger are *already* pending in that district before Judge Corley. In short, an N.D. Cal. venue would maximize participation and efficiency for all parties.

Dated: September 5, 2025     Respectfully submitted,

/s/ *Caleb H. Liang*

Caleb H. Liang SBN (261920)
LTL Attorneys LLP
300 S. Grand Ave.,
Suite 3950
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
caleb.liang@ltlattorneys.com

*Counsel for Nicole Rieger*